### GUBNER v. FARRELL et al.

(Supreme Court, Appellate Term. June 22, 1903.)

1. APPEAL—PROOF—RECORD.

    On appeal in a personal injury action, where it was in issue which of two different names was on the truck which caused the injury, that question must be determined on the testimony contained in the return, and cannot be determined on affidavits.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Henrietta Gubner, as executrix, against Edward J. Farrell and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Philip Carpenter, for appellants.

M. P. O'Connor and J. Brownson Ker, for respondent.

FREEDMAN, P. J. The affirmance of a judgment after the first argument of the appeal was placed upon the ground that there was sufficient before the justice to warrant the determination that the truck belonged to the defendants whose name it bore. It was probably assumed that the plaintiff's witnesses had testified, as was claimed in respondent's brief, that the name on the truck was "Farrell, Hopper & Co." It has now been pointed out that, according to the testimony of said witnesses, the name was "Farrell Rubber Co." The appeal must be considered and determined on the testimony contained in the return, which the trial justice to whom it was referred back declined to amend, and according to the return the name was "Farrell Rubber Co." The question cannot be determined upon affidavits. That being so, the evidence, as it stands, is insufficient to show that any one of the three defendants had any ownership or interest in the truck that caused the alleged injury, or any connection with the truck driver. But, even if it could be assumed that the witnesses intended to testify that the name on the truck was "Farrell, Hopper & Co.," there is great doubt whether the plaintiff sufficiently showed that at the time of the accident the driver of the truck was engaged in any business of the defendants, and that all the defendants were partners. The ends of justice re-

.qrire a new trial, upon which the facts may be more fully developed.

Judgment reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.